IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BRADFORD, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, ET AL. | : | NO. 06-CV-5121 |

Memorandum and Order

YOHN, J.                                                                                         August _____, 2007

*Pro se* plaintiff William Bradford seeks to recover damages from defendants the City of Philadelphia, Dr. Albert Kligman, the University of Pennsylvania, Dow Chemical and Johnson & Johnson. Plaintiff alleges that he was subjected to certain unspecified medical tests while incarcerated at Holmesburg Correctional Facility in Philadelphia in 1957. Plaintiff's complaint claims that defendants' conduct constituted cruel and unusual punishment in violation of the Eight Amendment. A liberal reading of plaintiff's complaint could also include a state law claim for fraudulent misrepresentation. Defendants have each filed Motions to Dismiss. As regrettable as the testing program at Holmesburg may have been, I am compelled to conclude that plaintiff's claims at this late date, fifty years later and ten years after plaintiff admitted his knowledge of the effects on his health, are all barred by the applicable statute of limitations, and therefore defendants' Motions to Dismiss will be granted.

I.      Background

Plaintiff was arrested in October, 1957, and incarcerated at Holmesburg Correctional Facility in Philadelphia while awaiting trial. While incarcerated, plaintiff alleges that he was told by prison authorities that he could participate in medical tests for compensation. Plaintiff states

that he was not warned that any of the tests were potentially dangerous. Plaintiff alleges that he suffered harm as a result of the tests.[1] Plaintiff claims that he did not become aware of the dangers of the tests until sometime between 1987 and 1997.

II.   Discussion

    A.   Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In evaluating a motion to dismiss, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989) (citing *Wisniewski v. Johns-Manville Corp.*, 759 F.2d 271, 273 (3d Cir. 1985)). The court may dismiss a complaint, "only if it is certain that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swin Res. Sys., Inc. v. Lycoming County,* 883 F.2d 245, 247 (3d Cir. 1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). However, a court need not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, and should only be dismissed when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972), *reh'g denied*, 405 U.S. 948 (1972).

---

[1] Although he does not specify his injuries in his complaint, plaintiff attached a supplemental sheet labeled "Evidence B" in which he alleges that he suffers "a tumor, mutilated legs and depression."

B.      Statute of Limitations

"[A] Rule 12(b) motion can be utilized when the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975).

Plaintiff's claims under the Eighth Amendment constitute a Section 1983 claim. The statute of limitations for Section 1983 claims is governed by the personal injury statute of the state in which the harm allegedly occurred. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). The Pennsylvania statute of limitations for personal injury is two years. 42 Pa. Cons. Stat. Ann. § 5524(2); *see also Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78 (3d Cir. 1989).

The statute of limitations can be tolled under the "discovery rule." *See Bohus v. Beloff*, 950 F.2d 919, 924 (3d Cir. 1991). The discovery rule tolls the running of the statute of limitations until the plaintiff "knew or using reasonable diligence should have known of the claim." *Vernau v. Vic's Mkt., Inc.*, 896 F.2d 43, 46 (3d Cir. 1990); *see also O'Brien v. Eli Lilly & Co.*, 668 F.2d 704, 711 (3d Cir. 1981). In applying the discovery rule, "whether a plaintiff should have made a timely discovery of his or her injury is generally an issue for the jury unless the undisputed facts lead unerringly to the conclusion that the time it took to discover an injury was unreasonable as a matter of law. In such cases, summary judgment may be entered by the court." *A. McD. v. Rosen*, 621 A.3d 128, 130 (Pa. Super. Ct. 1992) (citations omitted).

In *Baily v. Lewis*, 763 F. Supp. 802 (E.D. Pa. 1991), *aff'd*, 950 F.2d 721 (3d Cir. 1991), the court, in considering what constituted reasonable diligence wrote,

> The standard of reasonable diligence is an objective or external one that is the same for all individuals. It is not a subjective standard. The fact that this individual plaintiff may have lacked knowledge of his or her injury is "irrelevant," "the statute

3

> is tolled only if a reasonable person in the plaintiff's position would have been unaware of the salient facts.' In defining reasonable diligence, the courts have stated "[t]here are very few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful. This is what is meant by reasonable diligence." Moreover, with respect to knowledge of a claim, "plaintiffs need not know that they have a cause of action, or that the injury was caused by another party's wrongful conduct, for once a plaintiff possesses the salient facts concerning the occurrence of his injury and who or what caused it, he has the ability to investigate and pursue his claim."

*Id.* at 806-07 (citations omitted) (emphasis in original).

Although state law governs the period of the statute of limitations, federal law determines the date of accrual of a section 1983 cause of action. *Deary v. Three Un-Named Police Officers*, 746 F.2d 185, 197 n.16 (3d Cir. 1984). The test to determine the date of accrual is similar to the test to determine whether the discovery rule applies. A plaintiff's civil rights cause of action "accrues when the claimant 'knew or had reason to know of the injury that constitutes the basis of this action.'" *Id*. (quoting *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982) (per curiam)).

The conduct which forms the basis of plaintiff's claims in the instant case occurred sometime in 1957. According to his complaint, plaintiff became aware of his injuries sometime between 1987 and 1997. Therefore, even assuming that plaintiff did not become aware of his injuries until the end of 1997, the two-year limitation would bar any clam brought after 1999. Plaintiff did not file the instant action until November 20, 2006, nearly seven years beyond the most generous reading of the applicable statute of limitation.

Even if plaintiff had not stated in his complaint that he was aware of his injuries nearly ten years ago, I would conclude that his claims are untimely. Given the publicity surrounding this case, the accrual date of plaintiff's claim was long before he filed this action, and, also as a

result of the publicity, plaintiff would not be able to invoke the discovery rule to toll the statute of limitations.  In a case filed in 1998 involving similar claims brought by former prisoners at Holmesburg the court examined the "extensive public record that exists concerning the Holmesburg medical testing" and concluded that given "the extraordinary media attention paid to the medical experiments conducted on prisoners at Holmesburg, as well as the six other lawsuits filed by former Holmesburg prisoners, a reasonable person in the plaintiffs positions would have been aware of the salient facts years before the current action was filed."[2]  *Abbdulaziz v. City of Philadelphia*, 2001 U.S. Dist. LEXIS 16972, at *23 (E.D. Pa. Oct. 18, 2001), *aff'd*, 48 F. App'x 131 (3d Cir. 2002).

To the extent that plaintiff's complaint includes a fraudulent misrepresentation claim, it is also barred by the applicable statute of limitations.  In Pennsylvania a two-year statute of limitations applies to fraud actions.  42 Pa. Cons. Stat. Ann. § 5524.  Once again, even under the most liberal reading of plaintiff's complaint, and assuming that plaintiff had no reason to be aware of his injuries prior to 1997, the statute of limitations expired in 1999.

---

[2]The facts that the court in *Abbdulaziz* considered in determining that the plaintiffs' claims were untimely included that, "For over two decades, articles concerning the testing appeared in newspapers and magazines such as The Philadelphia Inquirer, The Philadelphia Bulletin, The Washington Post, The New York Times, The Philadelphia Tribune, The Philadelphia New Observer, and Atlantic Monthly.  In addition, public hearings were held concerning the medical testing on prisoners before both the United States Senate Subcommittee on Health and Pennsylvania's Departments of Justice and Public Welfare.  The controversy over the medical experimentations at Holmesburg again resurfaced in 1981 when the Philadelphia Inquirer revealed in a series of articles that the chemical agent Dioxin had been tested on seventy Holmesburg prisoners.  Moreover, from 1973 to 1990, six other lawsuits were filed by former Holmesburg inmates alleging many of the same claims against many of the same defendants as those in the instant case." *Abbdulaziz*, 2001 U.S. Dist. LEXIS 16972, at **21-23.
  The court concluded, "There is no question that the substantial publicity surrounding the tests, as well as the other lawsuits, contained the 'salient facts' which should have 'awakened inquiry' on the part of the Plaintiffs about 'the who and what' of their injuries long before October 1998." *Id*. at *23.

C. Eighth Amendment claims against non-state actors

Even if the statute of limitations did not bar plaintiff's claims, his allegations of Constitutional violations[3] against Defendants Dr. Albert Kligman, the University of Pennsylvania, Dow Chemical and Johnson & Johnson would be dismissed, as plaintiff cannot maintain such claims against private parties. Plaintiff asserts that defendants' conduct violated his Eighth Amendment protection against cruel and unusual punishment. The Eighth Amendment only applies to government or state action. *See Browning-Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 273 (1989) ("[T]he Eighth Amendment places limits on the steps a government may take against an individual . . . ."); *Thompson v. Oklahoma*, 487 U.S. 815, 819 n.1 (1988) (stating that the Eighth Amendment's proscription against excessive bail, excessive fines and cruel and unusual punishments "must be observed by the States as well as the Federal Government"). Defendants Dr. Albert Kligman, the University of Pennsylvania, Dow Chemical and Johnson & Johnson are not alleged to have been state actors, and therefore, plaintiff's Eighth Amendment claims cannot proceed against them.

An appropriate order follows.

---

[3]Although plaintiff cites his First Amendment right to seek redress of grievances, his Sixth Amendment right to counsel, and his Fourteenth Amendment right to equal protection, he does not appear to allege that the defendants somehow violated those rights. Instead, he appears to rely on them to support his ability to bring this action, to seek counsel (although the Sixth Amendment right to counsel does not apply in civil matters), and to have his Constitutional rights apply regardless of his race.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BRADFORD, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, ET AL. | : | NO. 06-CV-5121 |

<u>O R D E R</u>

**AND NOW**, this _____ day of August, 2007, upon consideration of the motion to dismiss by the City of Philadelphia (Document No. 4), the motion to dismiss by University of Pennsylvania and Albert M. Kligman, M.D. (Document No. 5), the motion to dismiss of Johnson & Johnson Company (Document No. 13) and the motion to dismiss of Dow Chemical Company (Document No. 16) and plaintiff's response, **IT IS HEREBY ORDERED** that the motions are **GRANTED** and plaintiff's complaint is **DISMISSED** in its entirety.

                s/William H. Yohn Jr.
                William H. Yohn Jr., Judge